Zukerman, Appellant, *v.* Parkview Hospital, Inc.

Argued December 1, 1967. Before MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Pace Reich*, with him *Modell, Pincus, Hahn & Reich*, for appellant.

*Bernard J. Korman*, with him *Gold, Bowman & Korman*, for appellee.

OPINION PER CURIAM, January 9, 1968:

The plaintiff Albert G. Zukerman entered into an agreement with Parkview Hospital, Inc. to act as radiologist for that institution. A disagreement arising between the parties as to the amounts due the plaintiff for his services under the contract, the controversy proceeded to arbitration in accordance with the provisions of paragraph 12 of the agreement: "12. It is understood and agreed that in the event that any dispute shall arise among any of the parties hereto, under the terms of this Agreement, then the same shall be referred to arbitration. If the parties fail to agree upon a single arbitrator, then each of the parties to the controversy shall select a disinterested arbitrator and these arbitrators shall select a sufficient number of other arbitrators so that at all times there shall be an uneven number of arbitrators. The decision and award of such single arbitrator or of a majority of said arbitrators shall be final and binding upon the parties to the controversy, and no action at law or in equity shall be

maintained by any of them except to enforce any order or award of the arbitrators. Should any party to the controversy fail to appoint an arbitrator. within three (3) days' notice, the non-defaulting party shall have the right to make application to any Judge of any local Court of general jurisdiction for the appointment of such arbitrator. Should the arbitrators so selected fail to select sufficient additional arbitrators to make an uneven number, then any of the arbitrators or any of the parties to this Agreement may make application to any Judge of any local Court of general jurisdiction for the appointment of such additional arbitrator or arbitrators."

An arbitration panel, chosen and agreed to by the parties, made an interim award of $21,564.84 which the defendant hospital was to deposit with the chairman of the arbitration board, the decision also requiring that the plaintiff comply with certain conditions prior to receiving the payment. The plaintiff failed to comply with the terms of the award, and the board prepared to reconvene. However, in view of the illness of the arbitrator picked by him, the plaintiff sought an injunction to enjoin the reconvening. In that injunction proceeding the chairman of the board employed counsel. Because of the employment of such counsel the plaintiff took the position that the chairman was no longer qualified to act as chairman, he allegedly having revealed bias and prejudice by becoming a party litigant.

Through stipulation, the parties agreed that the chairman was not biased and prejudiced and that plaintiff's suit for disqualification of the chairman should be discharged. The chairman thereupon proceeded forthwith to complete the arbitration and he made a final award in accordance with the terms of the interim award already stated. The plaintiff accepted the $21,564.84 provided in the final award but, 10½

months after the final award, sought to have it vacated on the ground of bias and prejudice of the chairman. This was the identical issue raised by him in the prior action when, as aforestated, it was stipulated by counsel for all the parties, in the presence of all the parties, that the chairman was not biased and prejudiced and that he should proceed with the arbitration.

The record supports the court's finding that the chairman was not biased or prejudiced merely because he had employed counsel under the circumstances narrated.

Decree affirmed: appellant to bear costs.

Mr. Chief Justice BELL and Mr. Justice COHEN took no part in the consideration or decision of this case.